OPINION
Defendants-appellants, Danny and Vera Conarroe, appeal from an order of foreclosure and a deficiency judgment in favor of plaintiffs-appellees, William and Carol Snelling.
On June 7, 1992, appellants purchased a business, Angilo's Pizza, in Trenton, Ohio from appellees. In order to finance the purchase price of $49,000, appellants executed a promissory note for $47,000. Pursuant to the note, appellants were obligated to make seventy-two monthly payments of $962.19 to appellees beginning July 1, 1992. The note was secured by the assets of the business as well as a real estate mortgage on appellants' residence in Trenton, Ohio.
Appellants defaulted in their payment obligations under the note by failing to make payments in January, February and March 1993. Appellees orally notified appellants that they were in default on several occasions. However, no payments were forthcoming and appellants closed the business on approximately April 10, 1993. On April 12, 1993, appellants relinquished the business to appellees. On April 14, 1993, appellees gave appellants written notice of default.
After repossessing the business, appellees discovered that the business had deteriorated under appellants' ownership. Appellees found that the business was infested with roaches and no longer had gas, electricity, or phone service. In addition, appellants had outstanding debts to the landlord and suppliers. Finally, the reputation of the business had suffered and many customers had been alienated by the poor operation of the business.
On April 28, 1993, appellees and Rosina Robinson entered into a management agreement. Robinson agreed to reopen and operate the business after appellees satisfied the outstanding debts of the business. In addition, appellees and Robinson entered into a conditional purchase agreement. If appellees received a recision, cancellation or termination of their contract with appellants, Robinson agreed to purchase the business for $28,300.
Robinson operated the business until September 1993. She was unable to revive the business and earn a profit, and the business was closed again on September 11, 1993. Since appellees had failed to receive a recision, cancellation or termination of their contract with appellants, the conditional purchase agreement terminated and the sale to Robinson was never completed.
On September 15, 1993, appellees gave written notice to appellants that the business would be sold on September 30, 1993. On September 20, 1993, appellees advertised a public sale of the business in the Middletown Journal. The advertisement invited sealed bids on or after September 30, 1993, with a minimum bid of $4,000. However, no bids for the business were received.
On October 9, 1993, appellees retained a computer, valued at $250. The remaining assets of the business were sold to Carl Miller, the landlord of the building in which the business operated, for $2,500.
On June 13, 1995, appellees commenced an action to recover the remaining balance due under the promissory notes and to foreclose on appellants' residence. After a bench trial, the trial court entered a deficiency judgment of $43,947 in favor of appellees on October 28, 1996. The trial court also entered a decree of foreclosure against appellants' residence in order to satisfy the deficiency.
On appeal, appellants raise a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY FINDING IN FAVOR OF PLAINTIFFS AGAINST DEFENDANTS IN THE SUM OF $43,947.07 PLUS INTEREST AND COSTS AND ORDERING FORECLOSURE OF DEFENDANTS' REAL ESTATE, SAID FINDING BEING CONTRARY TO LAW, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In their assignment of error, appellants argue that appellees were barred from obtaining a deficiency judgment, because they sold the business to Robinson without complying with the notice requirements of R.C. 3109.47(C).[1] After a debtor defaults, a secured party has the rights and remedies provided in section1309.44 to 1309.50 of the Revised Code along with the remedies set forth in the security agreement. R.C. 1309.44(A). Upon default, a secured party may take possession and sell, lease, or otherwise dispose of the collateral. R.C. 1309.46; 1309.47(A).
R.C. 1309.47(C) sets forth the procedural requirements for a sale of collateral and provides in part:
 Disposition of the collateral may be by public or private proceedings * * * but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. * * * Reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor * * *.
In the case at bar, appellees and Robinson entered into a conditional purchase agreement. The proposed sale was conditioned upon appellees receiving a "recision, cancellation or termination" of their contract with appellants. Since appellees failed to satisfy this condition, the sale to Robinson was never completed. Therefore, the negotiations and transaction between appellees and Robinson did not constitute a sale that entitled appellants to notice pursuant to R.C. 1309.47(C). See American Seaway Foods, Inc. v. Knodel (Dec. 20, 1995), Cuyahoga App. No. 68595, unreported.
Appellants also argue that the trial court erred by finding that the value of the business was $2,500. R.C. 1309.47(C) requires that the sale of repossessed collateral by a secured party be commercially reasonable. If a secured party fails to comply with the requirements of 1309.47(C), the appropriate value of the collateral is presumed to equal the secured indebtedness. R.C. 1309.47(B)(2)(c); 1309.47(B)(2)(d). The secured party may rebut the presumption by introducing some credible evidence of a lower appropriate value. R.C. 1309.47(B)(2)(d). If a secured party rebuts the presumption, the value of the collateral shall be equal to the actual proceeds of the sale, unless the debtor establishes that a greater amount would have been realized if the secured party had complied with R.C. 1309.47(C). R.C.1309.47(B)(2)(e). The debtor bears the burden of establishing the amount that would have been realized had the secured party complied with R.C. 1309.47(C). Id.
In the present case, the trial court found that the manner in which appellees sold the business to Carl Miller was not commercially reasonable. However, the trial court also found that appellees had rebutted the presumption that the value of the collateral equaled the indebtedness by producing evidence of a lower appropriate value. The trial court concluded that since appellants did not establish that a greater amount would have been realized had the appellees complied with R.C. 1309.47(C), the value of the collateral was equal to the sales price of $2,500.
The evidence in the record supports the trial court's conclusion that appellees rebutted the presumption that the value of the collateral equaled the indebtedness by introducing credible evidence of a lower appropriate value. The value of the business was decreased drastically by appellants' ownership and management. Several witnesses testified that the business no longer had any clientele, because appellants alienated customers and ruined the reputation of the business in the Trenton area. Moreover, the tangible assets of the business included many pieces of equipment that were fixtures and could not be easily transported. Chris Jones, an owner of another Angilo's Pizza, testified that since the equipment quickly depreciated and was widely available, it was only worth "a couple thousand dollars." Thus, appellees introduced credible evidence that rebutted the presumption that the value of the business was equal to the $43,947 indebtedness.
Appellants did not present any witnesses or evidence to establish that appellees would have realized an amount greater than $2,500 if the business would have been sold in a commercially reasonable manner. Rather, appellants contend that the proposed sale to Robinson for $28,300 established that appellees would have realized a greater amount. The record indicates that when Robinson entered into the conditional purchase agreement, she believed that the business could be revived. However, after she operated the business for several months, Robinson determined that she could not operate the business successfully due to the loss of customers caused by appellants' operation of the business. In fact, Robinson testified that after she operated the business, she did not believe that the business was worth $5,000. As discussed above, the tangible assets of the business had minimal value and the record supports a finding that the business could not be reopened and succeed because it no longer had any customers and the reputation of the business had been ruined. Thus, we find that the trial court did not err in finding that appellants failed to establish that an amount greater than $2,500 would have been realized if appellees had complied with R.C.1309.47(C).
Based upon the foregoing, we conclude that the trial court did not err in finding that appellants were responsible for a deficiency of $43,947. Accordingly, appellants' sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Effective July 1, 1992, R.C. 1309.47 was amended so that a secured party is no longer barred from recovering a deficiency judgment due to a failure to comply with the notice requirements of 1309.47(C). Rather, pursuant to R.C. 1309.47(B)(2)(d), the collateral is only presumed to equal the secured indebtedness and a secured party may rebut this presumption by introducing credible evidence of a lower value.